Gregory Duane Hill
Laurie Ann Hill
20042 Vintage Lane
Huntington Beach, CA 92646

Defendants In Propria Persona
(714)345-1669

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISCTRICT OF CALIFORNIA – SANTA ANA

| | |
|---|---|
| In re: | Case No.: 8:09-bk-14018-TA |
| GREGORY DUANE HILL, aka ARTISTIC FLOORING & DESIGN, INC., fdba SOUTH PACIFIC MARBLE & TILE CO., LAURIE ANN HILL, | Chapter 7 |
| | Adv. Proc. No.8:09-01469-TA |
| | ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS GREGORY DUANE HILL & LAURIE ANN HILL TO COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT |
| PAUL PRATO, AKA PAUL PRADO | |
| PLAINTIFF, | Status Conference Hearing: |
| VS. | DATE: 11/5/2009 |
| GREGORY DUANE HILL, AKA ARTISTIC FLOORING & DESIGN, INC., FDBA SOUTH PACIFIC MARBLE & TITLE CO, LAURIE ANN HILL, | TIME: 10:00 A.M. |
| | PLACE: Courtroom 5B |
| | FLOOR: 5th |
| DEFENDANTS | |

Comes Now Defendants Gregory Duane Hill and Laurie Ann Hill, as individual "Defendants", who hereby submit the following Answer and Affirmative Defenses to that certain Complaint to Determine Non-Dischargeability of Debt (the "Complaint"), filed by Paul Prato aka Paul Prado (hereinafter "Plaintiff").

1

ANSWER TO ADVERSARY COMPLAINT

## ANSWER TO FIRST CLAIM FOR RELIEF

1.     Answering paragraph 1 of the Adversary Complaint, these answering Defendants admit the allegations set forth therein.

2.     Answering paragraph 2 of the Adversary Complaint, Defendants admit that they are joint debtors in a Chapter 7 Bankruptcy filed May 1, 2009, and with this limited exception, deny each and every other allegation therein.

3.     Answering paragraph 2a of the Adversary Complaint, these answering Defendants admit that they were a party to a written lease relating to the rental of the real property located at: 3430 Via Lido, Newport Beach, CA, and with this limited exception, lack information and belief to further answer each and every other allegation contained therein, and basing their denial on this ground, deny each and every other allegation contained therein.

4.     Answering paragraph 2b of the Adversary Complaint, these answering Defendants admit that they breached the written lease by failing to pay the monthly rent for the month of December 2007, and with this limited exception, lack information and belief to further answer each and every other allegation contained therein, and basing their denial on this ground, deny each and every other allegation contained therein.

5.     Answering paragraph 2c of the Adversary Complaint, these answering Defendants admit that they received a Three Day Notice to Pay or Quit and that multiple copies were affixed to the doors and windows and scattered in the grounds around the leased premises.

6.     Answering paragraphs 2d, and 2e, of the Adversary Complaint, these answering Defendants are informed and believe that Plaintiff filed a Complaint for Unlawful Detainer and that thereafter a Default Judgment was entered, and with this limited exception, lack information and belief to further answer each and every other allegation contained therein, and basing their denial on this ground, deny each and every other allegation contained therein.

ANSWER TO ADVERSARY COMPLAINT

2

7. Answering paragraph 2f, these answering Defendants admit that they began to vacate the property on approximately January 11, 2008; and, particularly Defendants deny that they damaged the premises in any manner, and with this limited exception, lack information and belief to further answer each and every other allegation contained therein, and basing their denial on this ground, deny each and every other allegation contained therein.

8. Answering paragraph 2g, Defendants deny each and every allegation contained in said paragraph.

9. Answering paragraph 2h, Defendants deny each and every allegation contained in said paragraph, and in particular that Plaintiff has suffered massive costs of repair in the amount $91,600.00, or any amount whatsoever.

10. Answering paragraph 3, Defendants deny each and every allegation therein.

11. Answering paragraph 4, Defendants deny each and every allegation contained in said paragraph, and in particular that Defendants are indebted to Plaintiffs for $91,600.00 based upon a December 4, 2008 Judgment.

12. Answering paragraph 5, Defendants deny each and every allegation therein and particularly that Defendants are indebted to Plaintiffs for $91,600.00 or any other amount.

13. Answering paragraph 6, Defendants deny all of the allegations contained therein.

### FIRST AFFIRMATIVE DEFENSE
### FAILURE TO STATE A CLAIM FOR RELIEF

14. As and for a separate, distinct and first affirmative defense, Defendants alleges that the allegations set forth in the Adversary Complaint fail to state facts sufficient to constitute a claim for relief against these Answering Defendants.

### SECOND AFFIRMATIVE DEFENSE

3

ANSWER TO ADVERSARY COMPLAINT

15. The Adversary Complaint, and each alleged claim for relief and allegation contained therein, is so vague, ambiguous and uncertain as to fail to allege facts sufficient to state a claim for relief against these Answering Defendants.

### THIRD AFFIRMATIVE DEFENSE

16. Defendants admit that they were parties to a lease with Plaintiff and that they invested in excess of $120,000 in the renovation of Plaintiff's unit. Subsequently Defendants defaulted in the payment of one month of rent, and Plaintiff served defendants with a notice to quit. At the time the Notice to Quit was served, defendants were one month delinquent on the rent and began vacating the leased property as demanded by Plaintiff.

17. Defendants removed their trade fixtures and samples from the unit, and did not damage or destroy the improvements installed in the premises by Defendants.

18. Prior to vacating the premises, Defendants gave a key and the alarm's code to allow Plaintiff to show the premises to prospective tenants. Using the key, Plaintiff entered the unit and removed expensive samples and mosaics, and intentionally damaged a $10,000.00 mosaic window installed by Defendants by applying a silicone type product all over the surface of the window. Defendants' efforts to clean up the premises were complicated by Plaintiff's violent threats of bodily harm upon Defendants' persons and to their family and employees. Plaintiff threatened the lives of defendants unless they immediately vacated the leased premises.

19. The Adversary Complaint, and each and every claim for relief contained therein, are barred by the reason of acts, omissions, representations and courses of conduct by Plaintiff, by which these Answering Defendants were led to rely to their detriment, thereby barring, under the doctrine of waiver by equitable estoppel, all claims for relief alleged in the Complaint.

4

---

ANSWER TO ADVERSARY COMPLAINT

### FOURTH AFFIRMATIVE DEFENSE

20. These Answering Defendants have suffered damages by reason of Plaintiff's conduct, and by virtue of said conduct, these Defendants have the right of offset if any amount of money is owed to Plaintiff or is due to Plaintiff by way of damages.

### FIFTH AFFIRMATIVE DEFENSE

21. These Answering Defendants are informed and believe and thereon allege that Plaintiff is estopped by his acts and conduct from asserting any and all claims as alleged in the Complaint.

### SIXTH AFFIRMATIVE DEFENSE

22. These Answering Defendants presently have insufficient knowledge, or information, upon which to form a belief as to whether they may have additional, and yet unstated, affirmative defenses available. These Answering Defendants reserve the right to assert additional affirmative defenses in the event discovery indicates that they are appropriate.

### SEVENTH AFFIRMATIVE DEFENSE

23. These Answering Defendants allege on information and belief, that prior to commencement of this action, Answering Defendants had duly paid, satisfied or discharged the alleged claims of Plaintiff as set forth in the Adversary Complaint.

### EIGHTH AFFIRMATIVE DEFENSE

24. The purported causes of action plead in the Complaint against the Defendants are barred by the equitable doctrine of unclean hands occurring prior to and after to the filing of the chapter 7.

WHEREFORE, these Answering Defendants pray:

1. That Plaintiff takes nothing by this action;

To: Michael Hickey    Page 8 of 8                    2009-09-09 05:29:55 (GMT)                    7149082518 From: Greg Hill
Case 8:09-ap-01469-TA    Doc 4    Filed 09/09/09    Entered 09/09/09 11:22:41    Desc
Main Document    Page 6 of 8

FROM : CORRONS-HICKEY AND HICKEY          FAX NO. :7145509211          Sep. 08 2009 09:56PM P 7

2. For Court costs and such other and further relief as the Court may deem proper.

Dated: September 8, 2009

_____
Gregory Duane Hill,
Defendant, In Pro Per

_____
Laurie Ann Hill,
Defendant, In Pro Per

ANSWER TO ADVERSARY COMPLAINT

6

| In re: | CHAPTER: 7 |
|---|---|
| GREGORY DUANE HILL<br>LAURIE ANN HILL<br>Debtor(s). | CASE NUMBER:Adv. 8:09-01469-TA |

NOTE: When using this form to indicate service of a proposed order, DO NOT list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

930 W. 17th St., Suite A
Santa Ana, CA 92706

The foregoing document described __Answer and Affirmative Defenses of Defendants Gregory Duane Hill & Laurie Ann Hill to Complaint to Determine Non-Dischargeability of Debt__ will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d), and (b) in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On ____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL (indicate method for each person or entity served):**
On __9/9/2009__ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL (indicate method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on ____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| September 9, 2009 | Ana Aguas | |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009
Software Copyright (c) 1996-2009 Best Case Solutions - Evanston, IL - (800) 492-8037

F 9013-3.1
Best Case Bankruptcy

| In re:<br>**GREGORY DUANE HILL**<br>**LAURIE ANN HILL**<br>Debtor(s). | CHAPTER 7<br>CASE NUMBER 8:09-bk-14018-TA |
|---|---|

## ADDITIONAL SERVICE INFORMATION (if needed):

(Chapter 7 Trustee)
James J. Joseph
Danning, Gill, Diamond & Kollitz
2029 Century Park East 3rd Floor
Los Angeles, CA 90067-2904

(Plaintiff)
Paul Prato
3430 Via Lido
Newport Beach, CA 92663


US Trustee
411 West 4th St., Suite 9041
Santa Ana, CA 92701

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                          F 9013-3.1

Software Copyright (c) 1996-2009 Best Case Solutions - Evanston, IL - (800) 492-8037                Best Case Bankruptcy